UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JAVON DOWLING,

                Petitioner,

-against-

BRIAN FISHER, Commissioner of the
New York State Department of Corrections,

                Respondent.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**

11-CV-2025 (SLT)

**TOWNES, United States District Judge:**

Javon Dowling ("Petitioner"), proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction on speedy trial and double jeopardy grounds. For the reasons set forth below, his petition is denied.

I. **BACKGROUND**

The petition ("Pet.") alleges the following facts which are accepted as true unless otherwise indicated.

    A. **State Court Proceedings**

On January 21, 2007, Petitioner was arrested in Brooklyn, New York, for allegedly making a hand-to-hand sale of crack cocaine. (Pet. ¶ 4 & Ex. B at 1). He was released on bond soon after. (Pet. ¶ 6). On January 26, 2007, he was indicted on charges of Criminal Possession of a Controlled Substance in the Third and Seventh Degrees ("Indictment One") and arraigned on February 13, 2007. (Pet. ¶ 7).

While out on bond for Indictment One, Petitioner was arrested on April 25, 2007, as part of a multi-defendant drug bust. (Pet. ¶ 8). He was charged with Conspiracy in the First and Second Degrees, Criminal Sale of a Controlled Substance in the First, Second, and Third

Degrees, and other related charges ("Indictment Two"). (Pet. ¶ 8). Petitioner was held in custody, with bail having been set at $2 million. (Pet. ¶ 8).

Despite repeated directives from Justice Patricia M. DiMango, the People failed for seven consecutive court dates to produce Petitioner for Indictment One. (Pet. ¶ 9 Ex. B). On December 3, 2007, defense counsel moved to dismiss pursuant to N.Y. Criminal Procedure Law ("CPL") § 30.30, the state speedy trial statute. (Pet. ¶ 10). On January 24, 2008, Justice DiMango calculated 186 days of speedy trial time and dismissed Indictment One against Petitioner. (Pet. ¶ 13 & Ex. B).

Two days earlier, however, the State had filed a third indictment ("Indictment Three") against Petitioner (along with numerous other defendants), which indicated that it was "superseding Indictment [One] as to Javon Dowling." (Pet. ¶ 11 & Ex. A). Indictment Three incorporated two counts from Indictment One and fourteen counts from Indictment Two against Petitioner. (Pet. Ex. D at 1).

On February 19, 2008, Petitioner was arraigned on Indictment Three before Justice Danny K. Chun, who granted the People's request to dismiss Indictment Two. (Pet. ¶ 15). On March 25, 2009, Justice Chun denied Petitioner's motion to dismiss Indictment Three pursuant to CPL § 30.30. (Pet. ¶ 17 & Ex. D). First, Justice Chun noted that Indictments One and Two had been superseded by Indictment Three. (Pet. Ex. D at 1). Second, he adopted Justice DiMango's May 8, 2008, calculation of 174 days of speedy trial time as to Indictment One.[1] (Ex. D at 2). Third, Justice Chun found that the People were well within speedy trial time limits for the remaining counts. (Pet. Ex. D at 3, 5). On May 27, 2009, after reviewing the relevant

---

[1] The transcript of Justice DiMango's May 8, 2008, holding does not appear in the record. The Court notes that this 174-day speedy trial time calculation differs from the 186 days Justice DiMango charged to the People in her January 24, 2008, decision. The change suggests that Justice DiMango reconsidered her earlier ruling as to Indictment One.

2

transcripts, Justice Chun finalized his calculations and again denied Petitioner's motion in its entirety. (Pet. Ex. E). He thereafter denied Petitioner's pro se renewed CPL § 30.30 motion to dismiss Indictment Three, finding no new facts or change of law offered in support of the request. (Pet. Ex. F). On December 17, 2009, Justice Chun also denied Petitioner's pro se motion for a state writ of habeas corpus, seeking to be released on the same speedy trial ground already raised and denied in previous motions. (Pet. Ex. G).

Petitioner next brought an Article 78 petition in the Appellate Division, Second Department ("Appellate Division"), seeking to bar his trial under Indictment Three. On April 20, 2010, the Appellate Division denied his Article 78 petition, finding that he had "failed to demonstrate a clear legal right to the relief sought." Dowling v. Chun, 72 A.D.3d 962, 963 (2nd Dep't 2010). On August 31, 2010, the New York State Court of Appeals summarily denied his motion for leave to appeal. Dowling v. Chun, 15 N.Y.3d 704 (2010).

On October 13, 2010, Petitioner entered a guilty plea to Conspiracy in the Second Degree and Criminal Sale of a Controlled Substance in the Third Degree. (Pet. ¶ 23). Then, on November 3, 2010, Petitioner moved to vacate his plea, challenging Justice Chun's authority to preside over the matter and alleging that he did not voluntarily or intelligently waive his right to seek a writ of habeas corpus. (Pet. ¶ 24). Justice Chun denied the motion to vacate, noting that "the defendant does not waive his right to file his constitutional claims in a federal court by signing the waiver of appeal as part of his guilty plea." (Pet. Ex. K at 3). On February 9, 2011, Petitioner was sentenced to concurrent terms of imprisonment of two to six years for Conspiracy

in the Second Degree and six years for Criminal Sale of a Controlled Substance in the Third Degree, as well as two years of post-release supervision.[2] (Pet. ¶ 26).

### B. Habeas Petition

On April 25, 2011, Petitioner commenced this action for a writ of habeas corpus pursuant to § 2254, asking "this Court to address his double jeopardy claim (NYCPL 40.20), and speedy trial (NYCPL 30.30) claims, and to redress the deprivation of his constitutional right to due process" under the Fourteenth Amendment. (Pet. ¶ 27). Respondent argues that Petitioner has failed to exhaust his claims. (Docket No. 3). Petitioner replies that "he has fairly presented his double jeopardy (NYCPL 40.20) and speedy trial (NYCPL 30.30) claims to the highest court available for the state" and "has therefore satisfied the exhaustion requirement." (Docket No. 4 ¶ 3).

## II. LEGAL STANDARD

### A. Pro Se Pleading Standard

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). The same standard applies to pro se petitions for federal habeas relief. See Chang v. United States, 250 F.3d 79, 86 n.2 (2d Cir. 2001). Accordingly, the petition in this case must be "interpret[ed] to raise the strongest arguments that [it] suggest[s]." Brownwell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006) (internal quotation marks omitted).

---

[2] The Court notes that these counts do not appear to be the drug possession counts originally charged in Indictment One. (See Pet. Ex. B at 2 ("Under the instant indictment, the defendant is charged with various counts of criminal possession of a controlled substance.")).

## B. Antiterrorism and Death Penalty Act of 1996 ("AEDPA") Standards

As a threshold matter, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), and "state-law violations provide no basis for federal habeas relief," id. at 68 n.2. Under AEDPA, federal habeas relief is available to a petitioner convicted in state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2554(a).

Even when a petitioner asserts "a bona fide federal or constitutional claim cognizable on habeas," Ortiz v. New York, No. 12 CV 1116 (RJD), 2013 WL 1346249, at *2 (E.D.N.Y. Mar. 31, 2013), "each argument . . . must first have been exhausted through state remedies – that is, presented to the state's highest court," Harris v. Fischer, 438 F. App'x 11, 13 (2d Cir. 2011) (citing Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005)).

"To properly exhaust a claim that relies on errors or omissions that are apparent from the record of trial or pretrial proceedings, petitioner must raise it on direct appeal to the Appellate Division and then seek leave to appeal to the Court of Appeals." Anthoulis v. New York, No. 11 Civ. 1908 (BMC), 2012 WL 194978, at *3 (E.D.N.Y. Jan. 23, 2012).[3] Through this process, a petitioner "must have 'fairly apprised' the state court of the factual and legal premises of the federal constitutional claim." Harris, 438 F. App'x at 13 (quoting Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991)). New York law requires a criminal defendant to file a notice of appeal within thirty days of sentencing, CPL § 460.10(1), though he has an additional year to seek permission to file a late appeal, CPL § 460.30(1).

---

[3] Petitioner's request that his petition be "reviewed and considered as an appeal," (Pet. at 1), suggests that he is employing § 2254 to appeal the state court's denial of his Article 78 petition – which predated his plea and was not a direct appeal of his conviction. Nonetheless, the Court liberally construes Petitioner as challenging his conviction here, as his papers do contain relevant language from § 2254. (See Pet. Mem. at 1).

When "a petitioner fails to exhaust a claim on direct appeal and 'it is clear that the unexhausted claim is [now] procedurally barred by state law . . . the habeas court theoretically has the power to deem the claim exhausted.'" Rustici v. Phillips, 308 Fed. App'x 467, 469 (2d Cir. 2009) (quoting Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001)). In that circumstance, "federal habeas courts also must deem the claims procedurally defaulted, unless the petitioner can show cause for the default and prejudice, or actual innocence." Id. (internal quotation marks omitted).

C. **Mootness**

By letter filed February 28, 2013, Petitioner expresses concern that his petition is moot. (Docket No. 6). The New York Department of Corrections records confirm that he has now completed both his prison sentence and the maximum period of supervised release. See http://nysdoccslookup.doccs.ny.gov/ (Department Identification Number 11A0743) (last visited July 17, 2014).

Article III, § 2 of the United States Constitution limits the subject matter of the federal courts to cases that present a "case or controversy." To satisfy the case-or-controversy requirement, the party seeking relief must, "throughout the litigation . . . have suffered, or be threatened with, an actual injury . . . likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998).

Since Petitioner was still incarcerated on April 25, 2011, the date he filed the instant petition, he fulfills the "in custody" requirement of § 2254. See id. (holding "in custody" provision only requires that petitioner be in custody at time petition is filed). Moreover, "a habeas petition challenging a criminal conviction is rendered moot by a release from imprisonment only if it is shown that there is no possibility that any collateral legal consequences

will be imposed on the basis of the challenged conviction." Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002) (internal quotation marks omitted). Such collateral consequences may include "impeachment evidence in future criminal trials, and increased future sentences." Id. (citing Sibron v. New York, 392 U.S. 40, 54-56 (1968)). Indeed, the Supreme Court has been "willing to presume" continuing collateral consequences where, as here, a petitioner challenges the criminal conviction itself. Spencer, 523 U.S. at 8; see United States v. Juvenile Male, 131 S.Ct. 2860, 2864 (2011) ("When the defendant challenges his underlying conviction, this Court's cases have long presumed the existence of collateral consequences." (emphasis in original)). The Court therefore finds that the instant petition is not moot.

## III. DISCUSSION

### A. Speedy Trial Claim

As noted, a federal court may vacate a state law conviction only where such a conviction violates well-established federal law. 28 U.S.C. § 2254(d)(1); Estelle, 502 U.S. at 67-68. Accordingly, to the extent Petitioner challenges his conviction pursuant to CPL § 30.30, New York's speedy trial statute, this Court simply does not have the power to review that claim. See Brodeur v. Warden, Eric M. Taylor Center, No. 12 cv 5545 (BMC) (LB), 2013 WL 1686527, at *4 (E.D.N.Y. Apr. 18, 2013) ("[T]his Court does not presently have, and will never have, the power to review . . . violations of state speedy trial law."); Bermudez v. Conway, No. 09 civ. 1515 (DLI), 2012 WL 3779211, *9 (E.D.N.Y. Aug. 30, 2012) ("To the extent that Petitioner raises speedy trial violations premised on [CPL] § 30.30, a state statutory protection, his claims are not cognizable on federal habeas review."); Hodges v. Bezio, No. 09 civ. 3402 (ENV), 2012

7

WL 607659, *4 (E.D.N.Y. Feb. 24, 2012) ("[A]ny alleged violation of New York's statutory speedy trial provision is a state law claim not cognizable on federal habeas review.").

Even liberally construing Petitioner's speedy trial claim as relying on the Sixth Amendment, it was not fairly presented to New York courts for the purpose of federal habeas review. See Yampierre v. Phillips, No. 05-CV-2249-ENV, 2010 WL 744526, at *10 (E.D.N.Y. Mar. 1, 2010) ("It is well-established . . . that solely raising a § 30.30 claim does not 'fairly present' a Sixth Amendment speedy trial claim."); Rodriquez v. Miller, No. 96 Civ. 4723 (HB), 1997 WL 599388, at *2 (S.D.N.Y. Sept. 29, 1997) ("A [§] 30.30 claim focuses on the calculation of certain time periods that should be excluded from the time within which the people must be ready for trial, whereas a Sixth Amendment speedy trial claim focuses on different [factual and legal] issues and requires a different presentation.").

Furthermore, Petitioner presently lacks a state court forum in which to raise this unexhausted on-the-record claim because the deadline for seeking permission to file a late notice of appeal expired in 2012.[4] See Cedeno v. Conway, 724 F. Supp. 2d 373, 377 (W.D.N.Y. 2010) (noting that under CPL §§ 460.10 and 460.30, "a motion to file a late notice of appeal must be dismissed if filed more than a year and 30 days after sentencing"). Petitioner's federal speedy trial claim therefore "is deemed exhausted but procedurally barred" unless he establishes "cause for the default and resulting prejudice, or that a fundamental miscarriage of justice will result from non-review of the claim." Thompson v. Besio, 11-CV-2752 (ENV), 2014 WL 1478851, at *3 (E.D.N.Y. Apr. 15, 2014) (citing Aparicio, 269 F.3d at 90). Petitioner has made no such showing.

---

[4] By letter dated May 20, 2011, Respondent alerted Petitioner that "a defendant may file a late notice of appeal for good cause shown during the year after his conviction becomes effective" and noted that Petitioner, as of the letter's date, "still ha[d] a vehicle for presenting his claims for state court review." (Docket No. 3 at 2).

8

### B. Double Jeopardy Claim

Petitioner next argues that he was deprived of his statutory protection against double jeopardy, under CPL § 40.20. Again, it is not the province of a federal habeas court to review such a claim. Murden v. Artuz, 253 F. Supp. 2d 376, 382 n.4 (E.D.N.Y. 2001) ("Although petitioner also states that he was deprived of his statutory protection against double jeopardy, this is not a federal claim that is cognizable on a petition for habeas corpus."). To the extent a liberal reading finds Petitioner asserting a violation of the Fifth Amendment, that claim is similarly deemed exhausted but procedurally defaulted because Petitioner did not timely present it to the state's highest court. See Smith v. Albaugh, No. 00 Civ. 404 (RCC) (FM), 2004 WL 434531, at *2 (S.D.N.Y. Mar. 8, 2004) (dismissing federal double jeopardy claim as procedurally defaulted where petitioner raised the issue "exclusively on state law"). As Petitioner has failed to show cause for the default, prejudice resulting therefrom, or that a fundamental miscarriage of justice will result without review, this claim is dismissed.

### C. Fourteenth Amendment Claim

Petitioner also asserts, without further elaboration, that he "did not receive a full, fair, and adequate hearing in the state court proceedings, in violation of his right to due process of law" under the Fourteenth Amendment. (Pet. Mem. at 4; see Pet. ¶ 27). His papers suggest no clear basis for a Fourteenth Amendment violation apart from serving as an additional vehicle for his speedy trial and double jeopardy claims – which fail for the reasons already discussed.

## IV. CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is DENIED. As Petitioner has not made a substantial showing of the denial of a federal right, a certificate of

9

appealability will not issue. 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962). The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

/s/(SLT)

SANDRA L. TOWNES
United States District Judge

Dated: July 17, 2014
Brooklyn, New York